■ In the Matter of JOSEPHINE SWARTZ, Respondent, v. CITY OF ROCHESTER, Appellant. In the Matter of MILTON SWARTZ, Respondent, v. CITY OF ROCHESTER, Appellant.— Order unanimously modified insofar as it grants relief for claims based on personal injuries, and motion denied as to those claims, and as so modified, order affirmed, without costs. Memorandum: On February 15, 1966 an automobile operated by Milton Swartz in which his wife was a passenger collided with a truck owned by defendant. In March, 1966 plaintiffs retained an attorney who did not file notices of claim within 90 days after the accident. The negotiations the attorney had in writing with defendant's insurance carrier involved property damage only. Since the record contains no writings which justified reliance upon settlement representation for claims based on personal injuries, Special Term improperly granted the order as to those claims. Subdivision 5 of section 50-e of the General Municipal Law provides that the court, in its discretion, may grant leave to serve a late notice when the claimant has failed to serve his notice within the time limited "by reason of his justifiable reliance upon settlement representations made in writing by an authorized representative of the party against which the claim is made or of its insurance carrier." (Appeal from order of Monroe Special Term, granting claimants' motion to serve late notices of claim.) Present — Williams, P. J., Bastow, Henry, Del Vecchio and Marsh, JJ.

■ AUSTIN W. BENDER, JR. et al., as Executors of AUSTIN W. BENDER, SR., Deceased, Respondents-Appellants, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 42065.) — Judgment unanimously modified on the law and facts in accordance with the Memorandum, and as modified affirmed, with costs. New findings made and inconsistent findings reversed. Memorandum: The Trial Judge awarded $93,032 and interest for the direct taking, but found that there were no consequential or severance damages, and disallowed that portion of the claim. We disagree with that disallowance and find that the claimant suffered consequential damages in the amount of $17,413 and interest. We find as follows: Fair Market Value prior to appropriation: 73,438 square feet at $4.50 per square foot, $330,471; Fair Market Value after appropriation: 52,764 square feet at $4.17 per square foot, $220,026; Total Damage, $110,445; Less Direct Damage allowed, $93,032; Consequential Damages, $17,413. This last amount should be added to the award for the direct taking, making a total award of $110,445, plus interest. The highest and best available use to which the remainder, not appropriated, could have been put was substantially reduced by the appropriation. (Appeals from judgment of Court of Claims, for claimants on a claim for permanent appropriation.) Present — Williams, P. J., Bastow, Henry, Del Vecchio and Marsh, JJ.

■ AUSTIN W. BENDER, JR. et al., as Executors of AUSTIN W. BENDER, SR., Deceased, Respondents-Appellants, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 44503.) — Judgment unanimously modified on the law and facts in accordance with the Memorandum, and as modified affirmed, with costs to claimants. New findings made and inconsistent findings reversed. Memorandum: This was what we might refer to as the "second taking". The first appropriation was in Case No. 45, decided herewith. In our decision in that case we decided that the value of the remaining property after the first appropriation was $4.17 per square foot. The award for this, or the "second appropriation" should have been computed on that value and not on a value of $4.50 per square foot. Thus the total amount awarded should have been